IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEMETRIA T.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:25-CV-00200-BU |
| FRANK BISIGNANO,[2] | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's appeal of the Social Security Administration's denial of Disability Insurance Benefits (DIB) under Title II of the Act, 42 U.S.C. §§ 416(i), 423, and Supplemental Security Income (SSI) under Title XVI of the Act, 42 U.S.C. § 1382c(a)(3). For the reasons explained below, the Court AFFIRMS the decision of the Commissioner of Social Security.

## I. JURISDICTION

The Court has subject matter jurisdiction under 42 U.S.C. § 405(g) because Plaintiff seeks judicial review of the final decision of the Commissioner. Dkt. No. 13 at 2. Venue is proper in the Northern District of Texas, Fort Worth Division, because Plaintiff resides in

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.
[2] Frank Bisignano became the Commissioner of Social Security on May 6, 2025, and is "automatically substituted as a party" by operation of law. FED. R. CIV. P. 25(d); *see also* 45 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

Tarrant County, Texas. Dkt. No. 1 at 1; 42 U.S.C. § 405(g). This case was automatically referred to the undersigned with a designation to exercise the district court's full jurisdiction and conduct all proceedings in this case upon the consent of the parties. *See* Special Order No. 3-350 (N.D. Tex. Sept. 11, 2023).

## II. BACKGROUND

Plaintiff alleges disability beginning May 13, 2022. Dkt. No. 13 at 2; Administrative Record, Dkt. No. 12-3 (Tr.) at 17. At that time, she was fifty years old. Dkt. No. 13 at 2. Plaintiff has an 11th grade education, a dietary aide certificate, and has past work experience as a cook, floor supervisor/manager, and dietary manager. *Id.*

Plaintiff filed applications for DIB and SSI on July 11, 2022. *Id.* at 4; Tr. at 17. The Social Security Administration denied her claims on May 12, 2023, and again upon reconsideration on February 20, 2024. Tr. at 17. On July 24, 2024, Administrative Law Judge (ALJ) Rebecca Sartor held a hearing regarding Plaintiff's applications. Tr. at 17–18. After reviewing her applications and the information presented at the hearing, the ALJ determined Plaintiff was not disabled and denied her benefits on August 16, 2024. Dkt. No. 11 at 2; Tr. at 27. Plaintiff appealed this decision to the Appeals Council (AC) which denied her request for review. Dkt. No. 11 at 2.

### A. Overview of ALJ's Decision

The ALJ conducted a hearing to review the denial of Plaintiff's applications and determine whether she was disabled under the Act. Following the hearing, the ALJ issued a decision concluding that Plaintiff was not disabled. In support of that determination, the ALJ found that: (1) Plaintiff met the insured status requirements of the SSA through

December 31, 2024, (2) Plaintiff had not engaged in substantial gainful activity since May 13, 2022, (3) Plaintiff suffered the following severe impairments: osteoarthritis and obesity, and (4) none of these impairments, alone or in combination, met or medically equaled the severity of one of the listed impairments in the Social Security Regulations. Tr. at 19–21.

After considering Plaintiff's impairments, the ALJ determined that she retained the "residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to occasional handling with her nondominant upper extremity." *Id.* at 21.

Based on this RFC, the ALJ concluded that Plaintiff could not perform any past relevant work. *Id.* at 25. However, based on Plaintiff's RFC, age, education, and work experience, along with the testimony of a Vocational Expert (VE), the ALJ found that jobs existed in significant numbers in the national economy that she could perform. *Id.* at 26–27. The ALJ therefore concluded that Plaintiff was not disabled under the Act. *Id.*

### III. LEGAL STANDARDS

To be entitled to Social Security benefits, a claimant must show that they are disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the Commissioner's analysis proceeds along five steps. *See* 20 C.F.R. § 404.1520(a)(4). The Commissioner considers (1) whether the claimant is engaged in "substantial gainful activity," (2) the severity and duration of the

claimant's impairments, (3) whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations, (4) whether the claimant can still do her "past relevant work," and (5) whether the impairment prevents the claimant from doing any relevant work. *Id.* The claimant bears the burden on the first four steps. *See Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021). If the claimant advances that far, the burden shifts to the Commissioner to "prove the claimant's employability." *Id.*

The Court's review of the Commissioner's determination "is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). Substantial evidence is merely enough that a reasonable mind could arrive at the same decision; though the evidence "must be more than a scintilla[,] it need not be a preponderance." *Id.* Not every error warrants remand. "[P]rocedural perfection is not required" and remand is not warranted unless a plaintiff was prejudiced by the Commissioner's error. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam).

## IV. DISCUSSION

On appeal, Plaintiff contends that the ALJ's decision is unsupported by substantial evidence because she did not incorporate limitations into the RFC from medical source evidence she found persuasive, nor did she explain her decision to omit such limitations. Dkt. No. 13 at 6. Plaintiff argues that this alleged deficiency also constitutes legal error under SR 96-8p. *Id.* at 2, 6. She further maintains that the error was harmful because, had the limitation been included in the RFC and posed to the VE, the step-five determination

4

may have been different. *Id*. at 7. As explained below, the ALJ's decision not to adopt Dr. Tenny's persuasive medical opinion verbatim does not warrant remand.

### A. The ALJ considered and incorporated Dr. Tenny's persuasive medical opinion into the RFC.

An ALJ bears the responsibility for determining a claimant's residual functional capacity. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making that determination, the ALJ evaluates the medical evidence of record, including physician opinions and the claimant's treatment history. *See id*. The Social Security regulations explain that the ALJ is the fact-finder in making the RFC assessment, and the ALJ is not required to adopt the RFC verbatim from a medical opinion, as this would nullify her role as fact-finder. *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021). Although the ALJ is not bound to accept any particular medical opinion, the rejection of such an opinion ordinarily requires an explanation. *Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017).

Furthermore, the treating-physician rule no longer applies to claims filed after March 27, 2017. *Compare* 20 C.F.R. § 404.1527 (2016), *with* 20 C.F.R. § 404.1520c; *see also* 82 Fed. Reg. 5853, 5853 (Jan. 18, 2017) (explaining that the revised regulations shift the focus from the source of an opinion to the content of the evidence). Instead, an ALJ evaluates the persuasiveness of medical opinions using the factors set forth in § 404.1520c. The most important of those factors are supportability—whether the opinion is grounded in objective medical evidence and supporting explanations—and consistency—whether the opinion accords with other medical and nonmedical evidence in the record. 20 C.F.R. § 404.1520c(c).

Here, the ALJ evaluated the persuasiveness of each medical opinion in accordance with § 404.1520c and articulated the supportability and consistency considerations underlying those opinions. *See* Tr. 23–25. The ALJ found only one opinion persuasive—Dr. Tenny's assessment limiting Plaintiff to lifting ten pounds with the left upper extremity and precluding repetitive use of the left hand. *Id*. at 24. In the written decision, the ALJ explained:

> Dr. Tenny's assessment of a 10-pound lifting limitation with the left upper extremity and no repetitive use of the left hand is persuasive. Those limitations are consistent with the claimant's pain complaints and are supported by Dr. Tenny's objective findings of tenderness and occasionally mildly reduced range of motion (Ex. 1F/7; 2F/10). The limitations are accommodated by the residual functional capacity assessment: the undersigned has limited the claimant to lifting a total of 20 pounds occasionally, and to occasionally handling with the nondominant left upper extremity.

Tr. at 25.

Contrary to Plaintiff's contention, the RFC reflects the limitations identified by Dr. Tenny. The ALJ determined that Plaintiff retained the "residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except she is limited to occasional handling with her nondominant upper extremity." Tr. at 21. Under the regulations, light work involves lifting no more than twenty pounds at a time, with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b).

Social Security Ruling 96-8p provides that "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."

6

*See* SSR 96-8p, 1996 WL 374184, at *7. The question, therefore, is whether the RFC meaningfully conflicts with Dr. Tenny's opinion.

Here, "[a]fter careful consideration of the entire record," including reported symptoms, objective medical evidence, various medical opinions, and prior administrative medical findings, the ALJ found that plaintiff's "wrist pain limits her to lifting and carrying up to 20 pounds occasionally, and to occasional handling with her nondominant left hand." Tr. at 21–25. Although the ALJ did not expressly state in the RFC that Plaintiff was limited to lifting ten pounds with her left upper extremity—as Dr. Tenny opined—she expressly stated that she "accommodated" that persuasive opinion by limiting Plaintiff to lifting a total of twenty pounds occasionally and to occasional handling with the nondominant left upper extremity. Tr. at 24.

The ALJ's use of the term "accommodated" reflects that the opinion was considered and incorporated into the RFC assessment. The resulting RFC does not clearly conflict with Dr. Tenny's limitation so as to trigger a further explanatory obligation under SSR 96-8p.[3]

---

[3] *Compare Murray v. Comm'r of Soc. Sec.,* No. 3:23-CV-3000-TSL-RPM, 2025 WL 595807, at *5 (S.D. Miss. Feb. 7, 2025), report and recommendation adopted sub nom. *Murray v. Kihakazi,* No. 3:23-CV-3000-TSL-RPM, 2025 WL 595170 (S.D. Miss. Feb. 24, 2025) ("Therefore, while Murray was limited to lifting only 10 pounds with his dominant (right) upper extremity, he was capable of performing the light-work jobs identified by the VE because he was capable of lifting up to 20 pounds with his non-dominant (left) upper extremity. This is not inconsistent with Dr. Geissler's opinion."); *Clanton v. Comm'r of Soc. Sec.*, No. 1:14-CV-1039, 2016 WL 74421, at *11 (W.D. Mich. Jan. 6, 2016) ("The fact that one arm may be further impaired does not preclude the ability to perform light work."); *Brammer v. Astrue*, No. 11-404, 2013 WL 85065, at *6 (E.D. Ky. Jan. 7, 2013) ("[T]he implicit premise of Plaintiff's argument—that a claimant with a lifting restriction on one arm cannot sufficiently compensate with the other arm to perform light work—is faulty. Indeed, claimants with such restrictions on a single arm have been found capable of light work."); *Brammer v. Astrue*, No. CIV.A. 11-404-DL, 2013 WL 85065 (E.D. Ky. Jan. 7, 2013) (finding claimant capable of light work even where he had severe nerve damage to his right hand, and could only "use the right arm occasionally for grasping ... or as an assist for pushing and pulling");

*with Phillips v. U.S. Comm'r of Soc. Sec. Admin.*, No. 08-CV-0182, 2009 WL 304043, at *4 (W.D. La. Feb.

Plaintiff cites no binding authority—and the Court is aware of none—holding that an ALJ commits reversible error by declining to adopt a persuasive medical opinion verbatim where the RFC does not meaningfully conflict with that opinion.[4] Instead, the circumstances here more closely resemble those addressed in *Webster*.

In *Webster*, the ALJ relied on a state agency assessment and found it persuasive because it was supported by the record and consistent with the claimant's other medical evidence. *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021). The state agency

---

6, 2009) ("The treating specialist's [total] 10 pound lifting restriction appears to be in conflict with the light work RFC and its requirement of lifting up to 20 pounds. The ALJ, who ultimately must determine the proper weight of such an opinion, did not directly address the lifting restriction and attempt to articulate good cause to disregard it."); *Chipley v. Comm'r, Soc. Sec. Admin.*, No. 4:23-CV-00529-RK, 2024 WL 4132697 (W.D. Mo. Sept. 10, 2024) ("The RFC as written led the VE to testify Plaintiff could perform reasoning level two jobs, which require understanding uninvolved detailed instructions. This directly conflicts with the detailed instructions limitation opinions."); *Hickert v. Kijakazi*, No. 4:21-CV-00425-DGK, 2022 WL 2966882, at *2 (W.D. Mo. July 27, 2022) ("The ALJ found the opinions of Drs. Toll and Skolnick "persuasive" since they were consistent with—and supported by—the record evidence as a whole. Those opinions limited Plaintiff to being able to understand and remember *simple* instructions. This appears to conflict with the ALJ's assessment in the RFC that Plaintiff was able to understand and remember *detailed* instructions.").

[4] Cases in the Fifth Circuit, discussed below, as well as cases outside the Fifth Circuit seem to agree. For example, in *K.T.B. v. Comm'r of Soc. Sec.,* No. 3:20-CV-110-MSH, 2021 WL 5906372, at *2 (M.D. Ga. Dec. 14, 2021), the court reasoned:

> Plaintiff provides no authority, however, for the proposition that merely because an adjudicator finds a source persuasive, he must accept it wholly and incorporate into his RFC assessment any and all limitations that source suggests. To the contrary, the ALJ must only explain whether a source statement is persuasive considering its supportability in, and consistency with, the medical evidence as a whole. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ met that standard. To find otherwise, the Court would have to invade the province of the Commissioner and reweigh the evidence which is prohibited on judicial review. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Court is limited to determining whether the Commissioner's decision is supported by substantial evidence, a standard which "is not high." *Biestek v. Berryhill*, —— U.S. ——, 139 S.Ct. 1148, 1154, 203 L.Ed.2d 504 (2019). Therefore, the ALJ did not err in his consideration of the statement provided by Dr. Weitzman-Swann.

determined that Webster could maintain attention and concentration "for two hour periods ... without excessive interruption from psychological symptoms" and could "interact adequately, on a limited basis, receive non-confrontational supervision, and make mental adaptions to complete unskilled tasks in a work setting, especially those requiring minimal interaction with others." *Id*. It further concluded that Webster "retain[ed] mental capacity to complete unskilled work tasks for which he remains physically capable." *Id*.

The Fifth Circuit concluded that the ALJ adequately incorporated the persuasive portions of the state agency opinion into the RFC, which limited Webster to light work with additional postural and mental restrictions, including routine, repetitive tasks and only occasional public contact. *Id*. at 719–20. Notably, the RFC was not a verbatim recitation of the persuasive state agency opinion and did not mirror its terminology. Nevertheless, the Court concluded that the ALJ sufficiently incorporated the substance of the opinion into the RFC limitations on routine, repetitive tasks with only occasional public contact. *Id*. at 719–20.

The same reasoning applies here. If a limitation to maintaining attention and concentration for two-hour periods may be reflected through broader functional restrictions, then Dr. Tenny's ten-pound lifting limitation for the nondominant upper extremity may likewise be accommodated within an RFC for light work further restricted to occasional handling with that extremity. As in *Webster*, the ALJ's decision here is supported by substantial evidence and reflects proper application of the governing legal standards. *Id*. at 719–20.

Similar to the instant case, and relying on *Webster*, the court in *Kirkwood v.*

*Commissioner of Social Security* held that a persuasive medical opinion stating the plaintiff "may have trouble with two-step or more complex direction[s]" was properly considered and incorporated into an RFC limiting the claimant to one- to three-step instructions. No. 1:21-CV-116-MJT, 2022 WL 17347796, at *6 (E.D. Tex. Nov. 8, 2022), report and recommendation adopted, 2022 WL 17348164 (E.D. Tex. Nov. 30, 2022). The court emphasized that the RFC was "not a contradiction" of the persuasive opinion.[5] *Id*.

In reply, Plaintiff contends that *Webster* is distinguishable because, in that case, the ALJ evaluated the medical opinions as a whole and selectively incorporated certain limitations into the RFC. Dkt. No. 16 at 2. Plaintiff argues that, here, the ALJ expressly accepted the 10-pound limitation yet failed to include it in the RFC findings. *Id*. The distinction is unpersuasive. As in *Webster*, the ALJ identified one medical opinion as persuasive, explained why other opinions were not adopted, and then considered and incorporated the persuasive opinion into the RFC assessment. The fact that the RFC does not replicate Dr. Tenny's precise wording does not, by itself, create an unexplained conflict requiring remand.

The authorities Plaintiff relies upon are not controlling and address a different issue—namely, conflicts between vocational expert ("VE") testimony and the Dictionary of Occupational Titles ("DOT") under SSR 00-4p. *See Pearson v. Colvin*, 810 F.3d 204

---

[5] District courts applying *Webster* have reached similar conclusions, even where an apparent tension existed between the RFC and a persuasive opinion. *See, e.g., Ballidis v. Kijakazi,* No. 4:21-CV-403-ALM-KPJ, 2023 WL 2472632, at *2–6 (E.D. Tex. Feb. 21, 2023), report and recommendation adopted, No. 4:21-CV-403-ALM-KPJ, 2023 WL 2465581 (E.D. Tex. Mar. 10, 2023) ("The ALJ was [] not required to adopt the sedentary RFC in physical therapist Andrew Martinez's opinion, even though the ALJ found this opinion persuasive, because the ALJ must consider the evidence in the record as a whole.").

(2015); *Chavez-Fuentes v. Saul*, No. 1:18-CV-20765-JLK, 2020 WL 5646600 (S.D. Fla. Aug. 27, 2020), report and recommendation adopted, 2020 WL 5644888 (S.D. Fla. Sept. 22, 2020). Those cases concern whether an ALJ must resolve an apparent inconsistency between VE testimony and DOT job descriptions. No such inconsistency is presented here.[6] Plaintiff's argument instead concerns an alleged conflict between a persuasive medical opinion and the RFC. The cited authorities do not address that question and therefore do not compel remand.

Plaintiff's reliance on *Kneeland* is misplaced. In *Kneeland*, the Fifth Circuit identified as the ALJ's "root error" the complete failure to address—or even mention—the treating physician's opinion. 850 F.3d 749, 761 (5th Cir. 2017). Because that omission rendered the RFC unsupported by substantial evidence, the court concluded that the hypothetical question based on that defective RFC was likewise invalid. *Id*. at 762.

The circumstances here are materially different. The ALJ expressly discussed Dr. Tenny's opinion, found it persuasive, and incorporated it—though not verbatim, which is

---

[6] Federal courts review an ALJ's decision under the rules in effect at the time the decision was issued. *See* SSR 24-3p, 2024 WL 5256890, at *2 n.1 (S.S.A. Dec. 6, 2024). Because the ALJ's decision here predates January 6, 2025, SSR 00-4p governs. That ruling has since been rescinded and replaced by SSR 24-3p, which states: "We are rescinding SSR 00-04p and will no longer require our adjudicators to identify and resolve conflicts between occupational information provided by VSs and VEs and information in the DOT." *Id*. at *2.

Even under SSR 00-4p, however, Fifth Circuit precedent suggested that any "apparent" conflict between vocational expert testimony and the DOT be direct and obvious. *See Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000). Relying on *Carey's* formulation, the court in *Johnny R. J. v. Dudek* concluded that a limitation to "occasional overhead reaching" did not present a direct and obvious conflict with DOT descriptions requiring "frequent reaching." No. 4:23-CV-4053, 2025 WL 596096 (S.D. Tex. Feb. 20, 2025), report and recommendation adopted sub nom. *Jones v. Dudek*, No. 4:23-CV-04053, 2025 WL 1261022 (S.D. Tex. Apr. 29, 2025). In any event, that line of authority is inapposite here because Plaintiff does not identify a conflict between the VE's testimony and the DOT.

11

not required—into the RFC. Accordingly, this case does not involve the type of unexplained omission that warranted remand in *Kneeland*, and the hypothetical posed to the vocational expert is not undermined on that basis.[7]

Guided by Fifth Circuit cases, including *Webster* and *Kirkwood*, in which medical opinions were found persuasive and appropriately incorporated into the RFC, the Court finds the same principle applies here. As in those cases, the ALJ here considered and incorporated Dr. Tenny's persuasive opinion rather than rejecting it without explanation. While the RFC did not adopt the opinion verbatim, it did not directly conflict with it, and therefore the opinion was properly reflected in the assessment. Even if a direct conflict were present, remand would still not be warranted because the ALJ explained that the opinion was consistent with and supported by the record and relied on it as a basis in determining the ultimate RFC while considering the record as a whole. *See Ballidis*; *K.T.B.* It cannot be said that Dr. Tenny's persuasive opinion was ignored or that it conflicted with the RFC to such an extent that further explanation was required. Accordingly, the ALJ did not commit legal error under SSR 96-8p, and the RFC is supported by substantial evidence.

## V. CONCLUSION

For the reasons stated above, the Court AFFIRMS the decision of the Commissioner

---

[7] As a different point, the Court finds that the ALJ accounted for and incorporated Dr. Tenny's persuasive opinion in the RFC. Therefore, any claimed error is harmless. *See Murray v. Comm'r of Soc. Sec.*, No. 3:23-CV-3000-TSL-RPM, 2025 WL 595807 (S.D. Miss. Feb. 7, 2025), report and recommendation adopted sub nom. *Murray v. Kihakazi*, No. 3:23-CV-3000-TSL-RPM, 2025 WL 595170 (S.D. Miss. Feb. 24, 2025). In that case the ALJ determined an RFC of light work with a 10-pound limitation on the right arm. *Id*. at *1. The "generally persuasive" medical opinion stated, "no overhead lifting of 10 pounds" and "limited pushing, pulling, and lifting to 10 pounds." *Id*. at *3. The court held that even though the persuasiveness of the opinion was not adequately discussed, it was evident that the ALJ nonetheless accounted for and incorporated the opinion, rendering any error harmless. *Id*. at *6.

denying Plaintiff's application for DIB and SSI benefits.

ORDERED this 20th day of February 2026.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE